IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WALTER ALMON PAYTON,**

           **Petitioner,**

    v.                                                  CASE NO. 13-3066-SAC

**ROGER WERHOLTZ, et al.,**

           **Respondents.**

**MEMORANDUM AND ORDER**

This matter is before the court on a petition for habeas corpus filed 28 U.S.C. § 2254. Petitioner asserts claims of prosecutorial misconduct and claims that he is entitled to review on the ground of actual innocence, having been excluded on the basis of DNA evidence.

*Background*

Petitioner filed two earlier petitions challenging his 1998 conviction. The first, *Payton v. McKune*, Case No. 03-3460-CM, was denied due to petitioner's failure to commence the action within the governing one-year limitation period. *See* 28 U.S.C. § 2244(d). The denial was affirmed on appeal. The second petition, *Payton v. McKune*, Case No. 09-3205-SAC, was dismissed as a successive application.

The present action again challenges petitioner's 1998 conviction, and it is a successive application for relief.

**Discussion**

A petitioner may not present a successive petition under § 2254 unless he obtains authorization from the circuit court allowing the district court to review the claims. 28 U.S.C. §2244(b)(3)(A). *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008)("A district court

does not have jurisdiction to address the merits of a second or successive … 28 U.S.C. § 2254 claim until this court has granted the required authorization.") Petitioner does not suggest that he has been granted authorization to proceed in this matter.

When a petitioner presents a successive application without the necessary authorization, the district court "should transfer the petition or motion to [the appellate court] in the interest of justice pursuant to [28 U.S.C.] § 1631." *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997). However, when the court finds that there is no risk that a meritorious claim will be lost, a district court may dismiss the successive action rather than transferring the matter to the appellate court. *Cline*, 531 F.3d at 1252.

The court has examined the record and concludes this matter is properly dismissed. Not only is this petitioner's third petition for habeas corpus relief, it appears that he presented similar claims in the petition filed in 2003. The claim identified as Ground 1 in that action reads "Insufficient evidence to convict, Denial of Movant's 5th & 8th and 14th Const., Denial of DNA evidence that excluded movant."[1] Petitioner presents no new ground that merits the transfer of this matter to the Tenth Circuit Court of Appeals.

IT IS, THEREFORE BY THE COURT ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 3) is granted.

IT IS FURTHER ORDERED this matter is dismissed.

IT IS FURTHER ORDERED that, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the court declines to issue a Certificate of Appealability.

A copy of this order shall be transmitted to the petitioner.

---

[1] A copy of the relevant page of that petition is attached.

**IT IS SO ORDERED.**

DATED: This 29th day of April, 2013, at Topeka, Kansas.

                                  S/ Sam A. Crow  
                                  SAM A. CROW  
                                  U.S. Senior District Judge

8) If you did not appeal, briefly explain why you did not _____
_____
_____

16) State *concisely* every ground on which you claim that you are being unlawfully held. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach up to two extra pages stating additional grounds or supporting facts. You should raise in this petition all available grounds for relief which relate to the conviction under attack.

### CAUTION

Before proceeding in a federal court, you are required to exhaust the remedies available to you in the state courts as to each ground on which you request action by the federal court.

A)(1) Ground One: Insufficient Evidence to Convict, Denial of Movants 5th & 8 and 14th Const, Denial of DNA evidence That excluded Movant.

(2) Supporting Facts: (Without citing legal authority or argument state briefly the facts which support your claim)