# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**WALTER ALMON PAYTON,**

                      **Petitioner,**

        v.                                      CASE NO. 13-3066-SAC

**ROGER WERHOLTZ, et al.,**

                      **Respondents.**

## MEMORANDUM AND ORDER

This matter is before the court on petitioner's motion for reconsideration (Doc. 7). Petitioner seeks relief from the court's order dismissing this successive application for habeas corpus.

A party seeking reconsideration of an adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

A motion filed pursuant to Rule 59(e) must be filed within twenty-eight days from the time judgment is entered. Fed.R.Civ.P. 59(e). Accordingly, because petitioner filed the instant motion on the day following the entry of judgment, the court construes the motion as a motion pursuant to Rule 59(e).

Generally, the grounds for granting reconsideration are "(1) an intervening change in the controlling law; (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The court dismissed this matter upon finding that petitioner had not obtained the necessary authorization from the U.S. Court of Appeals for the Tenth Circuit to proceed in a successive application for habeas corpus. *See* 28 U.S.C. § 2244(b)(2).

Petitioner's motion does not address that point; rather, he broadly alleges that the district court judgment was rendered without jurisdiction[1], that trial counsel provided ineffective assistance, and that the affidavit of probable cause was falsified. These arguments allege flaws in the state criminal proceedings against petitioner, but they do not address the basis for the dismissal of this matter, namely, petitioner's failure to follow the mandatory procedure of obtaining authorization from the federal appellate court to pursue a successive application for habeas corpus. The court finds no basis to grant relief and denies petitioner's motion.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for reconsideration (Doc. 7) is construed as a motion pursuant to Fed.R.Civ.P. 59(e) and is denied.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED: This 21st day of May, 2013, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1] The court construes this to challenge the action of the state district court in petitioner's criminal case.