IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WALTER ALMON PAYTON,**

                **Petitioner,**

      v.                                          **CASE NO. 13-3066-SAC**

**ROGER WERHOLTZ, et al.,**

                **Respondents.**

## O R D E R

This matter comes before the court on petitioner's motion to alter or amend (Doc. 14) and to compel disclosure (Doc. 15). Petitioner, a prisoner in state custody, filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 on April 9, 2013.

By its order of April 29, the court granted leave to proceed in forma pauperis and dismissed this matter without prejudice to allow petitioner to seek authorization to pursue this successive application for habeas corpus relief. The court declined to issue a certificate of appealability.

On May 2, 2013, petitioner filed a motion for reconsideration (Doc. 7) and a notice of appeal (Doc. 8). On May 21, the court liberally construed the motion for reconsideration as a motion to alter or amend the judgment and denied the motion. On May 22, petitioner filed the present, second motion to alter or amend and motion to compel disclosure.

The motion to alter or amend repeats the petitioner's challenges to the validity of his 1998 conviction and broadly asserts that the court abused its discretion in determining this matter to be

successive without considering the underlying challenges to the conviction. The motion to compel disclosure seeks a response from the court to petitioner's request for production of proof that the State of Kansas had jurisdiction to prosecute him and the production and submission of that proof to the United States Court of Appeals for the Tenth Circuit.

A motion to alter or amend filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). Relief is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

At present, the court lacks jurisdiction to consider petitioner's claims on their merits because petitioner has not obtained the necessary authorization from the United States Court of Appeals for the Tenth Circuit. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008)(per curiam)(district court lacks jurisdiction to consider merits of second or successive petition under § 2254 until appellate court grants authorization). *See* 28 U.S.C. § 2244(b)(3)(requiring petitioner to move for prior authorization from appellate court to proceed in second or successive application for habeas corpus). Accordingly, petitioner's motion to alter or amend must be denied, and the motion to compel disclosure will be denied. The court can take no action concerning the merits of petitioner's claims for relief until he obtains authorization to proceed in this matter.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to alter or amend (Doc. 14) and motion to compel disclosure (Doc. 15)

are denied.

Copies of this order shall be transmitted to the petitioner and to the Clerk of the U.S. Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED.**

DATED: This 4th day of June, 2013, at Topeka, Kansas.

>S/ Sam A. Crow
>SAM A. CROW
>U.S. Senior District Judge